Filed 10/27/14  In re D.E. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re D.E., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. D.E., Defendant and Appellant. | A141363 (Contra Costa County Super. Ct. No. J1000186) |

18-year-old D.E. (appellant) appeals from a dispositional order committing him to the Youth Offender Treatment Program.  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a supplemental brief and did not do so.  Having independently reviewed the record, we conclude there are no issues that require further briefing, and shall affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

***Prior Proceedings***

On February 4, 2010, an original petition under Welfare and Institutions Code section 602 was filed relating to allegations that appellant threw a brick into a BART train's windshield.  The juvenile court sustained a misdemeanor allegation that appellant gave a false name to BART police after police made contact with him for that incident

1

(Pen. Code, § 148.9, subd. (a)[1]). The Contra Costa County Superior Court adjudged appellant a ward of the court and placed him on home supervision in his mother's care.

On November 16, 2010, the Alameda County Superior Court sustained a violation of grand theft of a person (§ 487, subd. (c)) after appellant reportedly pushed a man and grabbed $60 from him after the man had withdrawn cash from an ATM. The Contra Costa County Superior Court accepted the case for transfer from Alameda County. The Contra Costa County juvenile court set the offense as a felony, and subsequently ordered appellant into placement at Boys Republic.

On March 28, 2011, appellant was arrested on an outstanding warrant for absconding from Boys Republic. He admitted the probation violation and was placed at Children's Home of Stockton. He subsequently left that placement without permission and returned to juvenile court on an outstanding warrant and a new felony charge of section 245, subdivision (a)(1), after reportedly throwing a bicycle at a victim, who sustained cuts and bruises.

On July 13, 2011, while en route to his new placement, Courage to Change, appellant absconded from program staff, and a warrant for his arrest followed. The next day, appellant was arrested on the outstanding warrant and a probation violation, and on a new allegation that he and a co-responsible had broken a window at the victim's residence and had attempted to gain entry. The juvenile court sustained an amended count, second degree burglary (§§ 459, 460, subd. (b)).

On October 31, 2011, appellant was placed at Unicorn but left the placement without permission. On November 12, 2011, he was arrested by the Richmond Police Department on the subsequent warrant. The juvenile court sustained the probation violation and continued appellant's placement. Appellant absconded while being transported to the placement.

On December 29, 2011, appellant was arrested by the El Cerrito Police Department and booked into juvenile hall. On January 25, 2012, appellant was

---

[1]All further statutory references are to the Penal Code.

2

committed to the Youth Offender Treatment Program (YOTP) to complete all phases of the program. Appellant completed the institutional portion of the program on May 21, 2013 and was placed on an ankle monitor after advancing to Phase four, aftercare supervision. He was returned to custody on June 13, 2013, for absconding, and ordered to restart Phase four. Appellant subsequently completed his 90-day GPS period on September 15, 2013—one day before the current probation violation for absconding.

### The Probation Violation Proceedings

An arrest warrant and "Notice of Probation Violation Hearing" was filed on September 20, 2013, alleging among other things that appellant's wardship was continued on September 16, 2013 and that appellant had failed to attend school on certain dates. Appellant was arrested and admitted the probation violation.

At a February 28, 2014 contested dispositional hearing, appellant sought an order permitting him to move to Minnesota to live with his brother, C.M. Appellant's mother, D.M., testified that she was planning on moving to Minnesota with appellant, if he were placed with his brother, C.M., and that it would be a better place for the family. She testified that she had been reunited with her former husband in 2006, and that her husband would also be moving to Minnesota with the family.

The probation department recommended that appellant return to the YOTP. According to the probation report, at the time of the dispositional hearing, appellant was a junior whose last IEP was completed on September 27, 2013, at West Contra Costa County School District. At juvenile hall, he attended Mt. McKinley School with a GPA of 2.5 and had completed 126.50 of the necessary 151 credits to earn a high school diploma. He had attended Vista High School before absconding. School records from another high school indicated truancy, class disruptions, discipline, fighting, and "defiance." During his probation interview, he admitted having used marijuana and alcohol. Appellant had a history of mental illness, including depression, anxiety, PTSD, and ADHD, and presented a "high risk" of reoffending. The probation officer believed that while appellant had submitted a letter to the juvenile court in which he said he wished to leave his past behind him and that he believed he would do better in

3

Minnesota, in light of his social history, he would be better off living elsewhere. The probation officer further testified that he believed that the structured environment and intensive educational services of YOTP, including special educational services, counseling, and daily tutoring, could benefit appellant. Appellant could also benefit from gang intervention, based on his admitted associations, which would help prevent further gang involvement. The probation officer expressed concerns about appellant moving to Minnesota with the entire family.

The juvenile court continued appellant's wardship at the YOTP with no termination date and imposed various terms and conditions of probation. In determining disposition, the juvenile court observed that appellant's brother in Minnesota did not have appropriate living quarters. The juvenile court was also unable to make a finding that appellant's mother, grandmother, and father were responsible caretakers. The juvenile court calculated the maximum term of confinement as two years, eight months, and four days.

## DISCUSSION

Appellant's counsel has filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and asks this court to independently review the entire record to determine if it contains any issues which would, if resolved favorably to the appellant, result in reversal or modification. A review of the record has disclosed no reasonably arguable appellate issue, and we are satisfied that counsel has fully complied with his responsibilities. (*Ibid.*; *People v. Kelly* (2006) 40 Cal.4th 106.) The juvenile court did not err in ordering placement at the YOTP. Appellant was adequately represented by counsel at every stage of the proceedings. There was no sentencing error. There are no issues that require further briefing.

## DISPOSITION

The judgment is affirmed.

_____
McGuiness, P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.